IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:  OLD ANR, LLC, *et al.*,         Case No. 19-00302-KRH

                                                       Miscellaneous Proceeding

                   Debtors.

## MEMORANDUM OPINION

On May 17, 2019, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") entered its Memorandum Opinion and Order [ECF Nos. 54, 55] (collectively, the "Opinion"), holding that Mar-Bow Value Partners, LLC ("Mar-Bow") lacked standing to pursue its *Mar-Bow Value Partners, LLC's* Amended *Motion for Relief from Judgments and for Indicative Ruling* and *Reply to the United States Trustee's Response to (I) Motion to Reopen Case and (II) Motion for Relief from Judgments and for Indicative Ruling* [Case No. 15-33896-KRH, ECF No. 4128] (the "Rule 60(d) Motion") and, therefore, denying the Rule 60(d) Motion. Now before the Court is *Mar-Bow Value Partners, LLC's Motion for Reconsideration* [ECF No. 66] (the "Motion for Reconsideration"), seeking reconsideration of the Opinion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable hereto by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.[1] This is a core proceeding under 28 U.S.C. § 157(b). Venue is appropriate in this Court

---

[1] While the Court declined to find it had subject-matter jurisdiction for the underlying Rule 60(d) Motion, that is a separate issue from whether the Court has subject-matter jurisdiction to reconsider its own order. Nothing herein is intended or should be construed to convey subject-matter jurisdiction with respect to the underlying Rule 60(d) Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409. For the reasons set forth below, the Court denies the Motion for Reconsideration.

The Motion for Reconsideration has been fully briefed.[2] The facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process. In accordance with Local Bankruptcy Rule 9013-1(L), the Court denies Mar-Bow's request for oral argument and rules on the Motion for Reconsideration based upon the pleadings.

Pursuant to Civil Rule 59(e) and Bankruptcy Rule 9023, "motions to reconsider may be granted in only three circumstances: in order '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at [the time of the previous decision]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mack v. Yankah* (*In re Yankah*), 514 B.R. 159, 165 (E.D. Va. 2014) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Reconsideration is "'an extraordinary remedy'" that must be "used sparingly." *In re Andrews*, Case No. 14-36384-KRH, 2015 WL 4470069, at *4 (Bankr. E.D. Va. July 21, 2015) (quoting *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)); (citing *First Cmty. Bank v. E.M. Williams & Sons, Inc.* (*In re E.M. Williams & Sons, Inc.*), Adv. Pro. No. 08-03055-KRH, 2009 WL 2211727, at *2 (Bankr. E.D. Va. July 17, 2009)). "A party may not use a motion to reconsider simply 'to ask the Court to rethink what the Court has already thought through.'" *In re Alpha Nat. Res., Inc.*, 554

---

[2] McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey") filed a response to the Motion for Reconsideration. *See* McKinsey RTS Resp. to Mot. Recons. [ECF No. 72]. No other party filed a response to the Motion for Reconsideration. On June 21, 2019, Mar-Bow filed a reply. *See* Reply to Mot. Recons. & Req. for Oral Arg. [ECF No. 74]. The Court notes that in the absence of leave of the Court or a scheduling order entered by the Court, replies are not contemplated under this Court's motions practice.

B.R. 787, 799 (Bankr. E.D. Va. 2016) (quoting *In re E.M. Williams & Sons, Inc.*, 2009 WL 2211727, at *1).

The Motion for Reconsideration alleges all three of the foregoing circumstances exist here. The Court disagrees. First, by its Motion for Reconsideration, Mar-Bow argues that that the Supreme Court's ruling in *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652 (2019), constitutes an intervening change in controlling law. In *Tempnology*, the Supreme Court discussed mootness. *Id.* at 1660-61. The Opinion in the case at bar focused on whether Mar-Bow had standing. "Although the limiting concepts of mootness and standing have their roots in Article III's 'case or controversy' requirement, they are distinct." *In re SunEdison, Inc.*, Case No. 16-10992 (SMB), 2019 WL 2572250, at *10 (Bankr. S.D.N.Y. June 21, 2019) (citing *Klein ex rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 221 (2d Cir. 2018), *cert. dismissed* 139 S. Ct. 1406 (2019)); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (reversing the Fourth Circuit for having conflated case law on standing with case law on mootness). At its core, standing concerns "who may invoke the courts' decisional and remedial powers," while mootness concerns "whether the occasion for judicial intervention persists." *Warth v. Seldin*, 422 U.S. 490, 499 & n.10 (1975). "Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake. In contrast, by the time mootness is an issue, the case has been brought and litigated, often . . . for years." *Friends of the Earth*, 528 U.S. at 191. As *Tempnology* discussed only mootness, not standing, *Tempnology* is not an intervening change in controlling law and, as such, is not a ground upon which the Court will reconsider its Opinion.

Next, Mar-Bow contends that the Motion for Reconsideration should be granted because of various allegations contained in a newspaper article published May 27, 2019. While a motion

3

to reconsider may be granted to account for new evidence not previously available, "[t]he standard for granting a Rule 59 motion based on newly discovered evidence is high." *Greene v. U.S. Dep't of Educ.* (*In re Greene*), Adv. Pro. No. 11-05016-SCS, 2013 WL 1724924, at *14 (Bankr. E.D. Va. Apr. 22, 2013) (quoting *Quillin v. C.B. Fleet Holding Co.*, 328 F. App'x 195, 203 (4th Cir. 2009)), *aff'd*, Civil No. 4:13cv79, 2013 WL 5503086 (E.D. Va. Oct. 2, 2013), *aff'd per curiam*, 573 F. App'x 300 (4th Cir. 2014). To succeed on its Motion for Reconsideration on this basis, Mar-Bow must show

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Quillin*, 328 F. App'x at 203 (quoting *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)). Mar-Bow fails to satisfy this standard. Assuming arguendo that the article was admissible as evidence,[3] the newspaper article does not bear on whether Mar-Bow has standing to pursue the Rule 60(d) Motion, and, therefore, cannot be "likely to produce a new outcome if the case were retried." *See id.*

Finally, Mar-Bow seeks reconsideration of the Opinion because, under its interpretation of the applicable case law, it believes it has standing to pursue the Rule 60(d) Motion. *See* Mot. Recons. 12-15. Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan*

---

[3] The Fourth Circuit "has consistently held that newspaper articles are inadmissible hearsay to the extent that they are introduced 'to prove the factual matters asserted therein.'" *Gantt v. Whitaker*, 57 F. App'x 141, 150 (4th Cir. 2003) (quoting *United States v. ReBrook*, 58 F.3d 961, 968 (4th Cir. 1995)).

4

*Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). That is not the case here. By its Motion for Reconsideration, Mar-Bow is "asking the Court to reconsider arguments that were made during the hearing[s] and [is] suggesting that the Court erred in its reasoning rather than in its apprehension" and, as such, has "not met [its] burden of establishing a clear error of law." *In re Circuit City Stores, Inc.*, 426 B.R. 560, 579 (Bankr. E.D. Va. 2010).

As Mar-Bow has not established an intervening change in controlling law, new evidence not previously available, a clear error of law, or manifest injustice, the Motion for Reconsideration is denied. *See also Above the Belt, Inc.*, 99 F.R.D. at 101 ("[T]here are circumstances when a motion to reconsider may perform a valuable function. In this case no function at all, other than reiteration, was served by the motion."). A separate Order shall issue.

DATED:   July 18, 2019                     /s/ Kevin R. Huennekens
                                                                 UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET:
July 18, 2019